

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **SHERDELL D. OUBRE** | **CIVIL ACTION NO. 05-2052** |
| VS. | **MAGISTRATE JUDGE METHVIN**<br>**BY CONSENT OF THE PARTIES** |
| **ENTERPRISE LEASING CO.**<br>**OF NORFOLK RICHMOND**<br>**KEMPER CASUALTY INS. CO.**<br>**UNITRIN PREFERRED INS. CO.** | |

## MEMORANDUM RULING AND ORDER OF REMAND

Before the court is a Motion to Remand filed by plaintiff Sherdell D. Oubre.[1] Defendant Enterprise Leasing Company of Norfolk Richmond ("Enterprise") filed an opposition.[2] For the following reasons, the Motion to Remand is **GRANTED**.

### *Background*

On July 14, 2005, plaintiff filed a petition in the 16th Judicial District Court for the Parish of Iberia, Louisiana, alleging that she was injured while a riding as a passenger in a rental car driven by Jerry Oubre ("Oubre"). Plaintiff alleges that the accident was caused when Oubre ran a red light.[3] Plaintiff sued Enterprise, the owner of the rental car, and Kemper Casualty Insurance Company and/or Unitrin Preferred Insurance Company, Oubre's insurer.

On November 30, 2005, Enterprise removed the case to this court, alleging that the matter in controversy exceeds $75,000 and that there is diversity of citizenship because

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 17. Defendants Kemper Auto and Home and Unitrin Preferred Ins. Co. filed a Motion to Remand on February 2, 2006. Considering the order herein, that motion is moot and shall be removed from the undersigned's March motion calendar.

[3] Rec. Doc. 1.

plaintiff and the named defendants are citizens of different states.[4] On December 29, 2005, plaintiff filed the instant motion to remand on grounds that complete diversity of citizenship does not exist because this is a direct action suit in which Oubre's insurers are deemed to be citizens of the state of the insured, i.e., Louisiana, which is the same state as plaintiff's citizenship.

## *Legal Analysis*

An action filed in state court may be removed to federal court if the action is one over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). The burden of establishing federal jurisdiction is on the party seeking removal. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.1993) (*citing* Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir.1992)); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988). Removal jurisdiction is strictly construed because its application "deprives a state court of a case properly before it and thereby implicates important federalism concerns." Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir.1997). Any doubts about removal must be construed against removal and in favor of remanding the case back to state court. *See* Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 694 (5th Cir.1995).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). The issue presented herein is whether complete diversity exists.

---

[4] Rec. Doc. 2.

Pursuant to 28 U.S.C. § 1332(c)(1), insurance companies take on the citizenship of potentially three different states: the insured, the insurer's state of incorporation and the insurer's principal place of business. Title 28 U.S.C. § 1332(c)(1) provides:

> A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen**, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(emphasis added)

Oubre is a citizen of Louisiana.[5] This is a direct action against Oubre's insurer, Kemper Casualty Insurance Company and/or Unitrin Preferred Insurance Company. Plaintiff argues that Kemper and Unitrin are therefore deemed to be Louisiana citizens, as is plaintiff.

Enterprise does not dispute that this is a direct action suit, nor does it dispute the citizenship of Jerry Oubre. Rather, Enterprise alleges that § 1332(c) is inapplicable because plaintiff did not allege "within the four corners of the petition" that Oubre is a Louisiana citizen. Enterprise cites no legal authority for this proposition, and after an exhaustive review of the jurisprudence, the undersigned concludes that there is no such support. Instead, the jurisprudence clearly sets forth that the burden of showing the citizenship of the parties rests on the removing party, which here is Enterprise. *See* Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir.1988).

---

[5] *See* Rec. Doc. 12-2 p. 1.

Further, removal is not conditioned solely upon the allegations contained in the petition. Instead, the party seeking removal bears the burden of demonstrating that removal is proper by setting forth relevant facts, regardless of whether they are contained in the petition or are obtained from other evidence. *See* Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir.1997). Here, the petition does not allege that Enterprise is a Delaware corporation, nor does it set forth that the amount in controversy exceeds $75,000.00. Yet, in order to make a *prima facie* case for subject matter jurisdiction based on diversity, Enterprise alleged these facts in its removal documents, leaving out only the facts which would defeat jurisdiction, i.e., that this is a direct action suit against the insurer of a Louisiana insured.

More importantly, the issue before the court is one of subject matter jurisdiction. A party may neither waive nor consent to subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir.1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3). Enterprise does not dispute that complete diversity does not exist in this case, but rather maintains that plaintiff essentially waived jurisdiction by not alleging the citizenship of Jerry Oubre in the petition. This argument is without merit and is contrary to the foregoing fundamental principles regarding subject matter jurisdiction.

There is no dispute that this is a direct action against Kemper and Unitrin, liability insurers of a Louisiana insured. Pursuant to § 1332(c), Kemper and Unitrin are deemed to be Louisiana citizens, as is plaintiff. Accordingly, there is no diversity citizenship between the parties, and this court has no subject matter jurisdiction.

5

*Conclusion*

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the plaintiff's Motion for Remand is **GRANTED**, and this case is remanded to the 16th Judicial District Court fort the Parish of Iberia, Louisiana.

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana on February 7th, 2006.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155

COPY SENT
DATE 2/7/06
BY (initials)
TO mem
cb
Gallagher
fax Medo
Williams